# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KURAKI AMERICA CORPORATION,**

      Plaintiff,

    -vs-                          **Case Nos. 14-C-583, 14-C-628**

**DYNAMIC INTL OF WISCONSIN Inc.,**

      Defendant,

    -vs-

**JAPAN MACHINE TOOLS CORP.,**

      Third-Party Defendant.

## DECISION AND ORDER

After the Court denied Dynamic Intl of Wisconsin's motion to enjoin Kuraki America Corporation from terminating the parties' supply agreement, Dynamic brought additional causes of action, including various third-party claims against a Texas company called Japan Machine Tools. Dynamic generally alleges that Japan Machine conspired with Kuraki to obtain Dynamic's sales territory, thus terminating Dynamic's ability to sell new

Kuraki horizontal boring mills in Wisconsin.[1]

Japan Machine moves to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a defendant challenges the Court's personal jurisdiction, the plaintiff bears the burden of demonstrating that the Court may exercise such jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In the absence of an evidentiary hearing, the Court resolves all relevant factual disputes in favor of the plaintiff, and the plaintiff need only make a "prima facie" showing that the Court may exercise personal jurisdiction. *Id.*

A federal court sitting in diversity has personal jurisdiction "only if a court of the state in which it sits would have such jurisdiction." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In Wisconsin, this is a two-step inquiry. First, the Court determines if the defendants fall within the grasp of Wisconsin's long-arm statute. Wis. Stat. § 801.05. Then, "because Wisconsin presumes its long-arm statute merely codifies the federal due process requirements, the burden switches to [the defendants] to show that jurisdiction would nonetheless violate due process." *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996).

---

[1] On June 24, the Court consolidated Case No. 14-C-583 (filed by Kuraki) with Case No. 14-C-628 (filed by Dynamic) in the lower-numbered case. Thus, Kuraki's complaint is the operative complaint going forward, and Dynamic's claims have now been presented in the context of its answer to Kuraki's complaint. ECF No. 9.

Dynamic cites the "local injury, foreign act" provision of the long-arm statute. Wis. Stat. § 801.05(4). Aside from citing it, Dynamic fails to establish that the requirements of § 801.05(4) are satisfied in the instant case. *See, e.g., Jefferson Electric, Inc. v. Torres*, No. 09-C-465, 2009 WL 4884379, at *3 (E.D. Wis. Dec. 10, 2009) (under § 801.05(4), the Court must find that there was an "act or omission outside the state by the defendant," an "injury to person or property within the state which is claimed to arise out of the foreign act or omission," and "some additional contact, not necessarily related to the injury sued on, which links the defendant to the state"). Dynamic skips ahead to the due process analysis, but it is Dynamic's burden to demonstrate that the long-arm statute applies in the first instance.

Even if the requirements of § 801.05(4) were satisfied, exercising jurisdiction over Japan Machine would violate due process. Due process requires that a defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). It is unconstitutional to force a defendant to appear in a distant court unless it does something that would make the defendant "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (7th Cir. 1985). Dynamic argues that the Court can exercise specific jurisdiction, which is appropriate when the defendant

purposefully directs its activities at the forum state and the alleged injury arises out of those activities. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010). In this context, the "relevant contacts are those that center on the relations among the defendant, the forum, and the litigation." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014).[2]

Dynamic relies on the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984). In *Calder*, the Supreme Court held that Florida citizens were subject to personal jurisdiction in California because they published an allegedly libelous story about a California resident where the sources were all in California and the "brunt of the harm" was suffered by the plaintiff in California. *Id.* at 789-90. The Court emphasized that the defendants' actions were not "mere untargeted negligence," but were "expressly aimed at California." *Id.* at 789. Thus, the phrase "express aiming test" is "more faithful to *Calder*" than "effects test" because it "properly focuses attention on whether the defendant intentionally aimed its conduct at the forum state, rather than

---

[2] Dynamic concedes that Japan Machine is not subject to general jurisdiction, which exists where the defendant has "continuous and systematic" contacts with the forum state. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). In light of this concession, Dynamic's emphasis on Japan Machine's alleged sale of used and new machine tools in Wisconsin is confusing. Dynamic's claims against Japan Machine do not arise out of those contacts. For its part, Japan Machine maintains that it does not solicit business in Wisconsin, but that it "sold one machine tool to a used machine tool dealer not located in Wisconsin, which in turn sold the machine tool to Trace-A-Matic Corp. located in Brookfield, Wisconsin." Affidavit of Ryoichi "Roy" Yamaji, ¶ 3.

on the possibly incidental and constitutionally irrelevant effects of that conduct on the plaintiff." *Mobile Anesthesiologists*, 623 F.3d at 445 n.1.

In *Mobile Anesthesiologists*, the Seventh Circuit surveyed its post-*Calder* case law and confirmed that express aiming "remains the crucial requirement when a plaintiff seeks to establish personal jurisdiction under *Calder*." *Id.* at 445-46. An intentional tort "creates the requisite minimum contacts with a state only when the defendant expressly aims its actions at the state with the knowledge that they would cause harm to the plaintiff there." *Id.* at 445 (citing *Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010)). Subsequently, the Supreme Court emphasized that the relevant relationship among the defendant, the forum, and the litigation "must arise out of contacts that the 'defendant *himself*' creates with the forum State," and moreover, that the minimum contacts analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). Therefore, after *Walden*, "there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum.'" *Advanced Tactical Ordnance Sys.*, 751 F.3d at 802 (quoting *Walden* at 1122); *see also Mobile Anesthesiologists* at 446 ("The cases that have found express aiming have all relied on evidence beyond the plaintiff's mere residence in the forum state"). Here, the only link between Japan Machine and Wisconsin that is relevant to the instant litigation is

Dynamic. Therefore, Japan Machine cannot be forced to litigate in Wisconsin.

Dynamic also argues that the Court can exercise jurisdiction pursuant to what is known as the conspiracy theory of personal jurisdiction. As Judge Crabb wrote, "there is no explicit textual support in Wis. Stat. § 801.05 for jurisdiction founded on allegations of conspiracy," making it "dubious whether Wisconsin's long-arm statute would support the exercise of jurisdiction" on the basis of a conspiracy theory. *Insolia v. Philip Morris Inc.*, 31 F. Supp. 2d 660, 672 (W.D. Wis. 1998). In any event, this theory cannot be used to "bypass due process analysis." *Youming Jin v. Ministry State Sec.*, 335 F. Supp. 2d 72, 79 (D.D.C. 2004) (quoting Ann Althouse, *The Use of Conspiracy Theory to Establish In Personam Jurisdiction: A Due Process Analysis*, 52 Fordham L. Rev. 234, 254 (1984)). Asserting jurisdiction over Japan Machine does not comport with due process, as the Court has already explained.

Finally, Dynamic argues that it is entitled to jurisdictional discovery. In the absence of a *prima facie* showing that exercising jurisdiction over Japan Machine would be proper, the Court will not sanction a jurisdictional fishing expedition. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000); *Schoultz v. Swenson Spreader LLC*, No. 12-C-1281, 2013 WL 4456926, at *4 (E.D. Wis. Aug. 16, 2013) (plaintiff "must establish a *prima facie* case before [it] has access to discovery, not the other way around").

Also before the Court is Kuraki's motion to dismiss two of Dynamic's counterclaims. To survive a motion to dismiss, a cause of action must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When the allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level," the claim should be dismissed. *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("when the complaint contains well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief").

First, Kuraki moves to dismiss Dynamic's claim for conspiracy in violation of Wis. Stat. § 134.01. The key element in a § 134.01 claim is malice. "For conduct to be malicious under conspiracy law it must be conduct intended to cause harm for harm's sake." *Maleki v. Fine-Lando Clinic Chartered, S.C.*, 469 N.W.2d 629, 634 (Wis. 1991). Dynamic does not plausibly allege that Kuraki acted with malice. To the contrary, Dynamic's own allegations are sufficient to demonstrate that Kuraki replaced Dynamic with Japan Machine because it was not satisfied with recent sales. Dynamic alleges that this justification was a lie, but the Court finds it implausible to suggest that Kuraki was acting maliciously to harm Dynamic, as opposed to merely

protecting its own business interests. *See, e.g., Vinrich v. Vorwald*, 664 F.3d 206, 213 (7th Cir. 2011) ("an *irrational* desire to cause harm for the sake of harm is actionable under section 134.01. A *rational* desire to cause harm for the sake of competitive advantage is not") (emphasis in original).

Second, Kuraki moves to dismiss Dynamic's claim for breach of the covenant of good faith and fair dealing. "Under Wisconsin law, to state a claim for breach of the duty of good faith, a plaintiff must allege facts 'that can support a conclusion that the party accused of bad faith has actually denied the benefit of the bargain originally intended by the parties.'" *Uebelacker v. Paula Allen Holdings, Inc.*, 464 F. Supp. 2d 791, 803 (W.D. Wis. 2006). Dynamic alleges that Kuraki breached this duty by not renewing the sales agreement, but "there can be no breach of good faith and fair dealing 'where the contracting party complains of acts of the other party that are specifically authorized in their agreement.'" *Wis. Compressed Air Corp. v. Gardner Denver, Inc.*, 571 F. Supp. 2d 992, 999 (W.D. Wis. 2008). However, Dynamic further alleges that Kuraki stopped providing availability and pricing information while the Sales Agreement was still in effect. This allegation is enough to plausibly allege that Kuraki denied Dynamic the benefit of the parties' bargain – i.e., the ability to sell Kuraki machine tools on commission, if only for a limited period of time.

Finally, Kuraki moves to strike Dynamic's affirmative defense that

- 8 -

Kuraki's complaint fails to state a claim upon which relief can be granted. Lower courts in this circuit disagree as to whether a party can properly assert "failure to state a claim" as an affirmative defense, or whether that defense must be raised in a separate motion under Rule 12(b)(6). *See Jackson v. Methodist Med. Ctr. of Ill.*, No. 06-1235, 2007 WL 128001, at *2 (C.D. Ill. Jan. 11, 2007) (collecting cases). Even if allowable, Dynamic must do more than it has done here: recite the standard "without a short and plain statement of the basis for the defense, as required by Rule 8(a)." *Id.* Therefore, the defense will be stricken.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Kuraki's motion to dismiss and to strike [ECF No. 11] is **GRANTED-IN-PART** and **DENIED-IN-PART**;

2. Japan Machine's motion to dismiss for lack of jurisdiction [ECF No. 13] is **GRANTED**;

3. Dynamic's motion for leave to take discovery [ECF No. 27] is **DENIED**;

4. Japan Machine's motion for leave to file a sur-reply brief [ECF No. 32] is **GRANTED**;

5. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **January 27, 2015** at **9:30 a.m.**

(Central Time). Please be available at that time. The Court will initiate the call;

6. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

7. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

8. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

9. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may

be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

10. The written report must include the telephone numbers where the parties can be reached for this call;

11. In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to the Discovery of Electronically Stored Information</u>. Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter

the Standing Order Relating to the Discovery of Electronically Stored Information in their particular case.  (Please refer to Attachments B & C).

Dated at Milwaukee, Wisconsin, this 3rd day of December, 2014.

                                            **BY THE COURT:**

                                            **HON. RUDOLPH T. RANDA**
                                            **U.S. District Judge**