# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KURAKI AMERICA CORPORATION,**

    Plaintiff,

-vs-                              Case Nos. 14-C-583, 14-C-628

**DYNAMIC INTL OF WISCONSIN Inc.,**

    Defendant.

## DECISION AND ORDER

The defendant/counter-claimant, Dynamic Intl of Wisconsin, alleges that Kuraki America Corporation violated the Wisconsin Fair Dealership Law by terminating the parties' dealership agreement to sell Kuraki-brand horizontal boring mills. Dynamic also brings a claim for breach of the covenant of good faith and fair dealing. Kuraki moves to compel certain discovery responses.

First, Kuraki requested that Dynamic identify "each person who has knowledge or claims to have knowledge of any events or actions alleged in the Complaint or Counterclaim." Kuraki objects because Dynamic's response did not identify any sales or accounting people. Dynamic insists that its answer is complete and adds that the "additional information sought is not what the interrogatory requests." There is very likely some

gamesmanship afoot here. If Dynamic's contention is that it actually identified every person who has knowledge of the events set forth in the pleadings, including salespersons and accountants, the Court must take Dynamic at its word, with the understanding that Dynamic's counsel has certified that its responses are "complete and correct as of the time that it is made." Fed. R. Civ. P. 26(g)(1)(A).

Second, Kuraki requested a broad swath of sales information from 2009 to the present. According to Kuraki, this evidence is relevant to establishing whether Dynamic breached its duty to Kuraki by selling competitive brands and failed to promote sales of Kuraki machines in favor of other brands. Dynamic argues, and the Court agrees, that the request seeks information unrelated to the sale of horizontal boring mill sales. However, the request is still appropriate because other sales could be related to mitigation and damages. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, …"). Therefore, the Court agrees that the requested information is relevant and must be produced.

Third, Kuraki requested information regarding total sales, gross revenue, and net revenue for Dynamic and each of its affiliates. Dynamic

objects that this is a fishing expedition because Kuraki's agreement was with Dynamic, not a Dynamic affiliate. Once again, the requested information is relevant to damages.

Fourth, Kuraki requests a list of Dynamic's current and former officers, directors, employees, owners and shareholders, including each person's title, capacity, and start/end dates. Dynamic objects because it has been in business for more than 25 years, thus forcing Dynamic to name every employee, past or present, regardless of job type or interaction with Kuraki. This request is overbroad and should be narrowed to seek information within the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(iii).

Fifth and finally, Kuraki requests documents regarding lost sales and to state all damages claimed including the nature of the claimed damage, the dollar amount, the method/formula used to calculate the amount, and any mitigating amounts earned or received by Dynamic or its affiliates. Dynamic states that these requests cannot be answered more completely before the advent of expert discovery. Once again, the Court accepts Dynamic's certification under Rule 26(g)(1)(A). Dynamic has a duty to supplement as further information comes available. Fed. R. Civ. P. 26(e)(1); Fed. R. Civ. P. 37(c)(1).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Kuraki's motion to compel [ECF No. 47] is **GRANTED-IN-PART** and **DENIED-IN-PART**.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2016.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**